**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2345

LAWRENCE BAILEY; WILLIAM ESTRADA, on behalf of themselves and all others similarly situated,

Plaintiffs – Appellants,

v.

THOMPSON CREEK WINDOW COMPANY, a Maryland Corporation; RICK WUEST,

Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge.  (8:21-cv-00844-LKG)

Submitted:  October 5, 2022                          Decided:  July 27, 2023

Before RICHARDSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Christopher Le, BOIESBATTIN LLP, Fairfax, Virginia; Elaine A. Ryan, AUER RYAN P.C., Maricopa, Arizona; Karl J. Protil, Jr., SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A., Potomac, Maryland; Tim Bosson, BOSSON LEGAL GROUP, PC, Fairfax, Virginia, for Appellants.  John A. Bourgeois, Bradley M. Strickland, KRAMON & GRAHAM, P.A., Baltimore, Maryland; Diane J. Zelmer, BERENSON LLP, Jupiter, Florida, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Bailey and William Estrada each bought windows from Thompson Creek Window Company. Thompson Creek markets its windows as being ENERGY STAR-certified, a moniker attached to windows that meet a certain, government-set, energy efficiency standard. But, according to Bailey and Estrada, Thompson Creek windows are not ENERGY STAR-certified. So Bailey and Estrada sued them in federal court, in a class action lawsuit, for various Maryland state law torts.

The trouble with suing Thompson Creek in federal court is that Bailey and Estrada had promised not to do that when they bought their windows. When purchasing the windows, they both signed contracts that contained an arbitration agreement. In a section labeled "Additional Terms and Conditions," there was a subsection titled "Arbitration of Disputes." That section explained that "Contractor and Owner(s) agree that any and all disputes . . . arising under or relating to this Agreement . . . shall be subject to binding arbitration . . . [except that] Contractor retains the option to use judicial or non-judicial relief to enforce the monetary obligation represented by this Agreement." J.A. 65. In case there was any ambiguity, that subsection also included, in bold, a paragraph reiterating that "[b]oth Contractor and Owner(s) are hereby agreeing to choose arbitration." J.A. 65.

The district court dismissed the suit, finding it must be arbitrated. It rejected the plaintiffs' argument that the arbitration provision was unenforceable because it lacked consideration and because it was unconscionable. Plaintiffs now appeal, raising those same two arguments. We agree with the district court and so affirm.

3

I.      **The Arbitration Agreement Is Supported by Consideration**

Arbitration is voluntary.  Parties must consent to the process to be bound by the process.  *Cheek v. United Healthcare of Mid– Atl., Inc.*, 378 Md. 139, 146 (2003); *Curtis G. Testerman Co. v. Buck*, 340 Md. 569, 579 (1995) ("[A] party cannot be required to submit any dispute to arbitration that it has not agreed to submit.").[1] One way to consent is by agreeing in advance, in writing, to route future claims through arbitration.  When parties do this, it is known as an arbitration agreement.  *See Cheek*, 378 Md. at 146–47.

Under Maryland law, arbitration agreements must be supported by consideration to be enforceable.  *Id.* at 147; *see also Noohi*, 708 F.3d at 606–07.  When checking for consideration, courts do not weigh each side's benefits from the bargain.  *Harford Cty. v. Town of Bel Air*, 348 Md. 363, 383 (1998). The agreement does not have to be equal to be enforceable.  *Id.* ("[I]t is well settled that the Courts of Law . . . will not inquire into the adequacy of the value exacted for the primes so long as it has some value.").  But each party must exchange mutual promises that obligate them to act.  If a party fails to promise to do anything, their consideration is illusory and the contract is unenforceable.  *Walther v. Sovereign* Bank, 386 Md. 412, 432–34 (2005).

The arbitration agreements between Bailey and Thompson Creek and Estrada and Thompson Creek were supported by consideration.  If a party agrees to arbitrate some claims, they are obligated to do so.  So they have provided consideration.  *Cheek*, 378 Md.

---

[1] We apply Maryland contract law to this dispute.  *See Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013).

at 144.  And if both parties agree to arbitrate, then both parties have provided consideration and the agreement is enforceable (barring any other valid objection).  All parties to the Thompson Creek arbitration agreements promised to arbitrate some claims.  So the agreement had enough consideration to be enforceable.

Bailey and Estrada fight this conclusion by arguing that Thompson Creek's promise to submit to arbitration is illusory because Thompson Creek was allowed to sue purchasers in court to "enforce the monetary obligation represented by the" window purchase agreement.  *See* J.A. 65.  Since, according to them, these are the only claims Thompson Creek might plausibly bring, Thompson Creek has not truly agreed to bring any claims in arbitration.  Therefore, according to Bailey and Estrada, Thompson Creek has not agreed to be bound by anything at all.

This argument fails because it mistakes the nature of consideration.  The question is not whether Thompson Creek has agreed to give up its ability to bring a certain class of claims.  It is whether Thompson Creek has agreed to arbitrate any claims at all—no matter who brings them or how likely those claims were to be brought.  *See, e.g.*, *Cheek*, 378 Md. at 149 (declaring an arbitration agreement unenforceable because the seller's promised performance was "entirely optional" and so not a "real promise at all"); *Walther*, 386 Md. at 433 (finding arbitration clause supported by consideration because both parties were "bound to arbitrate certain disputes"); *Noohi*, 708 F.3d at 610 (applying Maryland law to find no consideration because the arbitration provision bound only plaintiffs to arbitration).  And it has.  Along with its own claims unrelated to enforcing monetary obligations,

5

Thompson Creek has agreed to arbitrate all claims brought by purchasers against Thompson Creek.[2] That is all the consideration Maryland law requires.

## II.    The Arbitration Agreement Is Not Unconscionable

An arbitration agreement, like all contracts, is unenforceable if they are unconscionable. *Walther*, 386 Md. at 425–26. There is a procedural and substantive aspect to unconscionability. *Id.* at 425–27. Since the district court addressed only substantive unconscionability, and since we agree with its determination, we need not address procedural unconscionability.

The arbitration agreement is not substantively unconscionable. An arbitration agreement is substantively unconscionable when it is "so one-sided as to oppress or unfairly surprise an innocent party" or when "there exists an egregious imbalance in the obligations and rights imposed." *Id.* at 431. Here, the parties agreed to arbitrate certain claims and Thompson Creek reserved the right to bring others in court. Thompson Creek may have gotten the better of that bargain, but that does not render the agreement unconscionable. *See id.* at 433 ("We do not find that the exceptions to the arbitration agreement, which allow [the defendant] to litigate certain specific claims instead of having

---

[2] Thompson Creek's promise to arbitrate some claims distinguishes its arbitration agreement from those at issue in *Cheek* and *Noohi*. In *Cheek*, the defendant reserved the right to alter the agreement at any time, for any reason. *Cheek*, 378 Md. at 149. So it was not obligated to arbitrate any claims and had provided no consideration. Likewise, in *Noohi*, only the plaintiff agreed to arbitration; the defendant made no promises at all. *Noohi*, 708 F.3d at 610. Conversely, Thompson Creek has provided consideration because it promised to arbitrate some claims and is bound to do so if those claims arise.

to submit them to arbitration, are so unfairly oppressive as to make the agreement unconscionable.").  So the district court was correct to hold it enforceable.

*AFFIRMED.*